ENRIQUE GONZÁLEZ RAMOS, por sí y como mandatario de MARÍA PETRONILA, LEONIRDA, LEONOR y FLORENCIA GONZÁLEZ RAMOS, demandantes y apelantes, *v.* ANTONIO JOY Y JOY, LORENZO, JUAN Y CARMEN CASTAÑER FRONTERA, y PEDRO PONS, demandados y apelados.

Núm. 8633.—*Sometido:* Abril 1, 11943. *Resuelto:* Abril 7, 1943.

*Buenaventura Esteves,* abogado de los apelantes; *Héctor Reichard,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El presente caso envuelve una controversia en relación al derecho de propiedad sobre tres fincas. La demanda alega dos causas de acción, una de nulidad de un expediente de dominio que envolvía las tres fincas y la otra en reivindicación de las mismas fincas. Los demandantes alegaron que "son los únicos y universales herederos del finado Antonio

Ramos Soto, quien falleció en estado de viudez en el barrio Bartolo de Lares, P. R., el 27 de abril de 1885; y como tales herederos son dueños de las siguientes fincas", describiendo las tres fincas en controversia. Los demandados radicaron una excepción previa por el fundamento de que la demanda no aducía hechos suficientes para determinar una causa de acción, y radicaron también una moción para que se eliminaran de la demanda las palabras "los demandantes son los únicos y universales herederos del finado Antonio Ramos Soto", por el fundamento de que constituyen una conclusión de derecho que no está acompañada de hechos de los cuales la misma pueda derivarse. La corte inferior declaró con lugar ambas mociones, citando como autoridad para ello *Ex parte Sánchez,* 28 D.P.R. 139, y concediendo a los demandantes diez días para enmendar su demanda. Al no enmendarla los demandantes, la corte de distrito, a moción de los demandados, dictó sentencia a favor de éstos. Los demandantes han apelado de tal sentencia.

Un examen de *Ex parte Sánchez,* supra, revela que es distinguible del caso de autos. El caso de *Sánchez* era un procedimiento *ex parte* para obtener una declaratoria de herederos, incoado bajo un estatuto especial que especifica los elementos necesarios que deben establecerse para obtener tal declaratoria. (Art. 552, Código de Enjuiciamiento Civil.) Fué a la luz de tales requisitos que esta Corte dijo en el caso de *Sánchez* a la pág. 140 que la alegación de que los peticionarios "como legítimos hermanos de Felipe Sánchez Mercado, eran sus únicos herederos abintestato, entraña una conclusión legal y la parte ha debido establecer en su petición hechos en virtud de los cuales la corte hubiera podido llegar a tal conclusión. Esos hechos eran que Felipe Sánchez Mercado había fallecido abintestato en estado de soltería, que antes de él habían fallecido los ascendientes del mismo, que no dejó hijos naturales y que sus parientes más próximos son sus hermanos legítimos que se relacionan en

la petición. Probados esos hechos, hubiera venido como conclusión legal para la corte la de que los hermanos legítimos de Felipe Sánchez Mercado eran sus únicos y universales herederos abintestato''.

Además, debe notarse también que la decisión en el caso de *Sánchez* no se basó únicamente en la alegada deficiencia en las alegaciones. La corte inferior procedió a celebrar la vista a pesar de la petición defectuosa y resolvió que (pág. 140) ''en la solicitud ni se alega ni tampoco se ha justificado con medio alguno de prueba que Felipe Sánchez Mercado al tiempo de su fallecimiento no dejara hijos legítimos o naturales y que hayan fallecido Tomás Sánchez e Ignacia Mercado, padres del finado, y demás ascendientes del mismo''. Al confirmar la sentencia, esta corte por tanto basó su decisión en el fundamento adicional (pág. 141) de que ''Tal prueba no existe, y por tanto, no es posible afirmar que haya suplido la deficiencia de las alegaciones del escrito inicial del procedimiento''.

En contraste, aquí tenemos un procedimiento contencioso plenario en el cual los demandantes reclaman título sobre tres fincas. La teoría de su caso es que ellos son los únicos y universales herederos de su causante, del cual ellos derivan el título sobre las fincas. Toda vez que éste no es un caso en que, como en el de *Sánchez,* ellos tratan de obtener una declaratoria de herederos, no están obligados a cumplir con el artículo 552 del Código de Enjuiciamiento Civil que especifica detalladamente los requisitos necesarios para demostrar su calidad de herederos. El único requisito en este caso es que, como en todos los casos corrientes, la demanda aduzca hechos suficientes para determinar una causa de acción. Y al alegar tales hechos, no hay requisito alguno al efecto de que los demandantes necesiten alegar toda o parte alguna de su evidencia, o todos los hechos preliminares o intermedios que conduzcan al hecho fundamental (*ultimate fact*). Es sufi-

ciente alegar el hecho fundamental (*ultimate fact*) o los he
chos que le den derecho al remedio que solicitan. Puede se
.que algunas veces, como en el presente caso, el hecho fun
damental (*ultimate fact*) o los hechos también sean una con
clusión de derecho, convirtiéndose por ende en una cuestiór
mixta de hecho y de derecho. Sin embargo, esto no alter
el "principio cardinal en materia de alegaciones de que he
chos fundamentales (*ultimate facts*) y no probatorios deber
alegarse''. (1 Bancroft's *Code Pleading*, Sec. 21, pág. 52)

En un caso corriente una alegación general de títul
como la que existe en este caso es una alegación suficient
de un hecho fundamental (*ultimate fact*), y el reclamant
no tiene que alegar los hechos que evidencian tal alegación
1 Bancroft's supra, Sec. 48, pág. 100; Idem, *Ten Year Sup-*
*plement*, Sec. 48, pág. 30. Es innecesario hacer constar que
si tal alegación, aunque técnicamente aduciendo una causa de
acción, no ofrece a la parte contraria suficiente información
para contestar o preparar una defensa, tal información puede
obtenerse mediante un pliego de especificaciones u otras me-
didas adecuadas.

*La sentencia de la corte de distrito será revocada, y el*
*caso devuelto para ulteriores procedimientos no inconsisten-*
*tes con esta opinión.*